IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| J & H SALES, INC., § | | |
| § | | |
| Plaintiff, § | | CIVIL ACTION NO. 4:06-CV-460 |
| § | | Jury |
| v. § | | |
| § | | |
| EARTH TONES TRADING COMPANY, § | | |
| LLC, IMPULSE WEAR, INC., and § | | Judge: _____ |
| LARRY LEVINE § | | |
| § | | |
| Defendants. § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, the Plaintiff, J & H Sales, Inc. ("J & H Sales"), for its claims against Defendants, Earth Tones Trading Company, LLC, ("Earth Tones Trading Company"), Impulse Wear, Inc. ("Impulse Wear, Inc.") and Larry Levine ("Levine"), stating and alleging as follows:

**I.   PARTIES AND JURISDICTION.**

1.   Plaintiff, J & H Sales, Inc., is a Texas corporation, with its principal place of business located in Frisco, Texas. J & H Sales is a multi-line, independent sales agency, working on a commission basis, marketing and selling the products of manufacturers and importers in the apparel industry. J & H Sales is a "sales representative" as that term is defined by Texas Business & Commerce Code §35.81(3).

2.   Defendant, Earth Tones Trading Company, is an Ohio limited liability company, with its principal place of business located in Columbus, Ohio. Earth Tones is in business as a manufacturer of casual apparel—namely, t-shirts, sweatshirts, hats and fleece products bearing the licensed trademarks and logos of such notable businesses as JOHN DEERE, WHITE CASTLE and JIM BEAM.  Earth Tones' principal member and president is Larry Levine.

Plaintiff's Original Complaint – Page 1

3. Upon information and belief, Defendant, Impulse Wear, Inc., is an Ohio corporation, with its principal place of business located in Columbus, Ohio. Upon further information and belief, Impulse Wear is in the business of manufacturing and importing apparel items. Impulse Wear's principal shareholder and president is Larry Levine.

4. Defendant, Larry Levine, is a citizen of the State of Ohio and is, upon information and belief, the principal member of Earth Tones Trading Company. Levine also conducts business under a variety of nebulous companies, including Earth Tones Trading Company, LLC, Earthtones, Inc.; Impulse Wear, Inc.; Eden Lane, Inc.; Impulse Distribution, Inc.; Personal Webshopper.com, Inc.; LML Investments, LLC; and Teletrend Acquisition, Inc.

5. At all times relevant to this complaint, Defendants have had a contractual relationship with J & H Sales, a resident of the State of Texas. Defendants have also enjoyed the substantial benefits of J & H Sales' efforts in a multi-state territory, which at all times included the State of Texas. Moreover, Defendants have enjoyed millions of dollars in sales of their products, originating from J & H Sales' efforts, much of which was with customers in the State of Texas, including J.C. Penney Company (Plano, TX) and Academy (Houston, TX). As a result, the Court's exercise of personal jurisdiction over all Defendants is proper.

6. Because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, this Court's exercise of subject matter jurisdiction is proper, pursuant to 28 USC §1332.

7. Because this Court has personal jurisdiction over Defendants and many of the events giving rise to the allegations and claims in this case arose out of events transpiring in the this district, venue is also proper, pursuant to 28 USC §1391(a).

8. Pursuant to Federal Rule of Civil Procedure 38, J & H Sales demands a jury trial.

## II.     FACTUAL ALLEGATIONS

9. On or about January 2004, Levine hired J & H Sales to work as an independent sales representative for a business he called Earth Tones Trading Company. At that time, Levine represented to J & H Sales that Earth Tones Trading Company had a license to manufacture t-shirts, fleece and other apparel products bearing the trademarks of JOHN DEERE and other companies.

10. At the time Levine hired J & H Sales, Earth Tones Trading Company had not been chartered or incorporated, nor did it have a corporate existence separate or apart from the person of Levine.

11. The parties agreed that J & H Sales would sell Earth Tones Trading Company's products in a multi-state territory, which included the State of Texas.

12. Under the parties' unwritten agreement, Defendants agreed to pay J & H Sales a variable commission of 6% to 10%, depending on discounts given to the retailers, on all business written to retail store accounts in J & H Sales' assigned territory.

13. It was further agreed that J & H Sales was deemed to have earned a commission upon Defendants' receipt of payment from retail store customers on product sold by J & H Sales.

14. Shortly after J & H Sales began working for Earth Tones, began receiving commission checks for sales it had made of Earth Tones' branded products. These initial checks were drawn on an account bearing the name of one of Levine's other corporations, Impulse Wear. Levine paid these initial commission checks through Impulse Wear because he had not chartered Earth Tones.

15. Levine formally chartered Earth Tones Trading Company, LLC with the Ohio Secretary of State's Office on July 27, 2004—nearly eight months after he had hired J & H Sales

as its independent sales representative. As a result, Levine and Impulse Wear were the pre-incorporation promoters of that business known as Earth Tones Trading Company and responsible for all monies due J & H Sales under the parties' agreement.

16. After it was formally chartered, Earth Tones Trading Company, LLC assumed responsibility to J & H Sales under the parties' sales representative agreement, and is jointly and severally liable with Levine and Impulse Wear for any and all commissions or other monies due J & H Sales under the parties' agreement.

17. During the parties' relationship, J & H Sales worked diligently to market and sell Earth Tones Trading Company's products. For the calendar years 2005 and 2006, J & H Sales has booked approximately $12.8 Million in sales for Earth Tones Trading Company, for which J & H Sales should have been paid approximately $768,000.00 in commissions.

18. Unfortunately, through September 2006 J & H Sales had only been paid commissions of approximately $274,000, against the aforementioned 2005 and 2006 earned commissions.

19. J & H Sales has made numerous requests that Defendants pay these overdue commissions, but Defendants have refused to remit payment and bring J & H Sales' commission account current.

20. Upon information and belief, the vast majority of the unpaid commissions, due from Defendants to J & H Sales, have been overdue for more than 30 working days.

21. As a result of Defendants' failure to pay J & H Sales these earned commissions, in keeping with the parties' agreement and as required by Texas law, J & H Sales has terminated its business relationship with Defendants.

### III.   CAUSES OF ACTION

**A.   Count I: Breach of Contract**

22.   J & H Sales reasserts each and every allegation contained in complaint paragraphs 1 through 21 as if fully restated herein.

23.   At all times, there was contract between J & H Sales and Defendants, under the terms of which Defendants agreed to pay J & H Sales a variable commission of between 6% and 10% on the net shipped value of sales to customers in J & H Sales' territory.

24.   Under the terms of the parties' contract, Defendants owe, but have refused to pay, J & H Sales commissions totaling approximately $494,000.00, and by their conduct, Defendants have breached the parties' contract.

25.   As a direct and proximate result of Defendants' breach of contract, J & H Sales has suffered compensatory and consequential damages, in an amount to be determined at trial, but which will exceed $75,000.00.

26.   Further, that Defendants, Larry Levine and Impulse Wear, shall be jointly and severally liable with Earth Tones Trading Company, LLC for any and all liability hereunder, as its pre-incorporation promoters.

**B.   Count II: Quantum Meruit**

27.   J & H Sales reasserts each and every allegation contained in complaint paragraphs 1 through 26 as if fully restated herein.

28.   At Defendants' request and direction, J & H Sales obtained purchase orders for the purchase of significant quantities of Earth Tones Trading Company's products.

29.   J & H Sales undertook to procure these purchase orders in reasonable and justifiable reliance on the promise that Defendants' would fairly compensate it for this work.

30. Defendants have enjoyed the substantial benefit of J & H Sales' labor and effort in procuring these purchase orders, and have realized substantial revenue and income from this business, but refuse to compensate J & H Sales for the benefit so received.

31. Alternatively, under the doctrines of quantum meruit and unjust enrichment, J & H Sales is entitled to fair and reasonable compensation for the value of the benefit it has bestowed upon Defendants, all in an amount to be proven at trial, but which will likely exceed $75,000.00.

32. Further, that Defendants, Larry Levine and Impulse Wear, shall be jointly and severally liable with Earth Tones Trading Company, LLC for any and all liability hereunder, as its pre-incorporation promoters.

C. **Count III: Violation of Texas Business & Commercial Code §§35.82-35.84**

33. J & H Sales reasserts each and every allegation contained in complaint paragraphs 1 through 32 as if fully restated herein.

34. By their failure to reduce the terms of the independent sales representative agreement to writing, Defendants have violated Texas Business & Commerce Code §35.82.

35. Furthermore, by their failure to pay J & H Sales earned commissions within the grace period specified by Texas law, Defendants have also violated the requirements of Texas Business & Commerce Code §35.83.

36. As a result of the above violations of Texas law, Defendants have incurred the statutory penalty specified in Texas Business & Commerce Code §35.84, which will be in an amount to be proven at trial, but will exceed an additional $75,000.00.

37. Further, that Defendants, Larry Levine and Impulse Wear, shall be jointly and severally liable with Earth Tones Trading Company, LLC for any and all liability hereunder, as its pre-incorporation promoters.

**D.    Count IV: Action for Accounting**

38. J & H Sales reasserts each and every allegation contained in complaint paragraphs 1 through 37 as if fully restated herein.

39. Upon information and belief, in 2005 and 2006 Defendants have enjoyed the benefit of approximately $12.8 Million dollars in sales of Earth Tones Trading Company products by J & H Sales.

40. Defendants have failed to account to J & H Sales for sales made on their behalf, or the commissions due thereon.

41. Therefore, J & H Sales is equitably entitled to a full accounting from Defendants of all sales made by J & H Sales during the parties' independent sales representative agreement.

**IV.    RELIEF REQUESTED**

WHEREFORE, J & H Sales respectfully requests the Court enter an order for judgment, in its favor, for the following relief:

1. An award of compensatory and consequential damages to J & H Sales, against Defendants, jointly and severally, for their breaches of the parties' contract (Count I), or alternatively under the doctrine of quantum meruit (Count II), in an amount to be determined at trial, but which will likely exceed $75,000.00;

2. An additional damages and statutory penalties in favor of J & H Sales and against Defendants, jointly and severally, for their violation of Texas Business & Commerce Code

§§35.82-35.84, in an amount to be proven at trial, but which will exceed an additional $75,000.00;

3. An order requiring Defendants to render a full and final accounting on the disposition of all sales made on their behalf by J & H Sales and commissions due on said sales;

4. An award of J & H Sales' costs, disbursements, statutory interest and attorneys' fees, against Defendants jointly and severally, pursuant to Texas Business & Commerce Code §35.84, Texas Civil Practice & Remedies Code §38.001, or as otherwise allowed by law; and

5. Such further relief as the Court deems just and reasonable.

Respectfully submitted,

/s/ Jeffrey C. Mateer
Jeffrey C. Mateer
Attorney-in-Charge
Texas State Bar No. 13185320
**MATEER & SHAFFER, L.L.P.**
1300 Republic Center
325 N. St. Paul Street
Dallas, Texas 75201
Telephone: (214) 720-9900
Facsimile: (214) 720-9910
Email: jeff@mashlaw.com

**OF COUNSEL:**

**D. CLAY TAYLOR, P.A.**
D. Clay Taylor
[Pro Hac Vice To Be Applied For]
1300 Nicollet Mall, Suite 5002
Minneapolis, MN 55403
Phone (612) 904-7376
Fax (612) 904-7377

*ATTORNEYS FOR PLAINTIFF*
*J & H SALES, INC.*